IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOWA CITIZENS FOR COMMUNITY IMPROVEMENT, ANIMAL LEGAL DEFENSE FUND, ASSOCIATION OF IRRITATED RESIDENTS, INSTITUTE FOR AGRICULTURE AND TRADE POLICY, WATERKEEPER ALLIANCE, INC., and WATERKEEPER CHESAPEAKE,<br><br>   Plaintiffs,<br><br> v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY and BRENDA MALLORY IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>   Defendants.[1] | Case No. 1:20-cv-2715-TJK |

**JOINT STATUS REPORT AND STIPULATION TO STAY CASE FOR AN ADDITIONAL 60 DAYS**

Pursuant to this Court's April 21, 2021 Minute Order, Federal Defendants and Plaintiffs submit this joint status report and hereby stipulate to an additional 60-day stay of this case. In support of the stipulation, Federal Defendants and Plaintiffs state the following:

1. Plaintiffs challenge specific provisions of the Council on Environmental Quality's ("CEQ") July 16, 2020 rulemaking entitled "Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act," 85 Fed. Reg. 43,304 (July 16, 2020) ("2020 Rule").

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Brenda Mallory is automatically substituted for Mary Neumayr as Chair of the Council on Environmental Quality.

1

2. On Inauguration Day, President Biden issued Executive Order 13990 directing federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict" with "important national objectives," such as "listen[ing] to the science"; "improv[ing] public health and protect[ing] our environment"; "reduc[ing] greenhouse gas emissions"; and "prioritiz[ing] . . . environmental justice." 86 Fed. Reg. 7,037, 7,037 (Jan. 25, 2021). The order also requires agencies "to immediately commence work to confront the climate crisis." *Id*. The White House specifically identified the 2020 Rule as subject to these requirements.[2]

3. Pursuant to that direction, CEQ has begun reconsidering the 2020 Rule and, as part of that process, is considering whether to propose to amend or repeal the Rule in whole or in part. ECF No. 21 ¶ 4.

4. In light of Executive Order 13990 and CEQ's review of the 2020 Rule, on February 8, 2021, Federal Defendants moved unopposed for a 60-day stay of this case. ECF No. 19. The Court stayed the case the following day. Minute Order (Feb. 9, 2021). On April 20, 2021, the Parties stipulated to an additional 45-day stay of the case based on the recent confirmation of CEQ's new Chair. ECF No. 21. In response, the Court stayed the case until June 21, 2021 and ordered the Parties to file a joint status report by June 17, 2021 "setting forth their proposal for how this case should proceed." Minute Order (Apr. 21, 2021).

5. Since the Parties' last filing, CEQ has determined that it "will initiate rulemaking to propose amendments to the 2020 Rule to revise the NEPA implementing regulations to

---

[2] Fact Sheet: List of Agency Actions for Review, https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/.

comply with the statute's text and goals; provide regulatory certainty to stakeholders; promote better decision making consistent with NEPA's statutory requirements; ensure appropriate coordination among Federal agencies, and State, Tribal, and local governments during the environmental review process; and meet environmental, climate change, and environmental justice objectives." Decl. of Matthew Lee-Ashley ¶ 11, attached as Exhibit A.  The Office of Management and Budget's Office of Information and Regulatory Affairs' Spring 2021 Unified Agenda of Regulatory and Deregulatory Actions includes additional details regarding CEQ's planned regulatory actions.[3] *Id.* ¶ 12.  In particular, the 2021 Unified Agenda identifies three planned CEQ regulatory actions to address the 2020 Rule: (1) a rulemaking to extend the deadline by two years for federal agencies to develop or revise proposed procedures for implementing the 2020 Rule (interim final rule tentatively set for June 2021);[4] (2) a phase 1 rulemaking to propose a narrow set of changes to the 2020 Rule (notice of proposed rule tentatively set for July 2021);[5] and (3) a phase 2 rulemaking to propose broader changes to the 2020 Rule (notice of proposed rule tentatively set for November 2021).[6]  *See also* Ex. A ¶ 12.

      6.      As part of its reconsideration process, CEQ has committed to "consider[ing] the full array of questions and substantial concerns connected to the 2020 Rule," including the 2020 Rule's impact on environmental justice, climate change, and public participation, and its treatment of alternatives and environmental effects.  *Id.* ¶ 8.  Particularly relevant to this case, which challenges the 2020 Rule's definition of major federal action, *see, e.g.*, Compl. ¶¶ 83, 91,

---

[3] The Spring 2021 Unified Agenda of Regulatory and Deregulatory Actions is available at: https://www.reginfo.gov/public/do/eAgendaMain.

[4] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202104&RIN=0331-AA08.

[5] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202104&RIN=0331-AA05.

[6] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202104&RIN=0331-AA07.

CEQ intends to consider "[w]hether the 2020 Rule improperly or unlawfully excludes certain actions from the definition of 'major federal action' for purposes of NEPA's applicability, or has the foreseeable effect of improperly excluding certain federal actions from review under NEPA." Ex. A ¶ 8(f).

7. While CEQ is engaged in an ongoing reconsideration and upcoming rulemaking process, CEQ has not yet committed to addressing the specific provisions of the 2020 Rule challenged by Plaintiffs. In light of this, Federal Defendants and Plaintiffs stipulate to an additional 60-day stay of this case, to provide an opportunity for CEQ to clarify the scope of the phase 1 rulemaking.

8. The stipulated stay is consistent with the Court's broad discretion to stay proceedings and defer judicial review. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). It is also consistent with CEQ's inherent authority to reconsider and to revise, replace, or repeal a prior decision to the extent permitted by law and supported by a reasoned explanation. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983).

9. An additional stay is also in the interest of judicial economy. Allowing CEQ sufficient time to determine its own path forward through the administrative process and undertake planned rulemaking to amend or repeal the 2020 Rule, in whole or in part, may narrow or even eliminate some or all of the issues before this Court. It will further provide Plaintiffs with the opportunity to review a more concrete proposal from CEQ and determine whether CEQ's rulemaking is likely to address the concerns underlying this legal challenge.

10. Federal Defendants and Plaintiffs propose that the Parties file a joint status report within 14 days after the end of the 60-day stay period regarding future proceedings in this case.

For the foregoing reasons, Federal Defendants and Plaintiffs respectfully request the Court enter an order staying the case for an additional 60 days, and requiring the Parties to submit a joint status report within 14 days after the end of the stay period.

A proposed order is submitted herewith.

Respectfully submitted this 17th day of June, 2021.

JEAN E. WILLIAMS
Acting Assistant Attorney General

*/s/ Clare Boronow*
CLARE BORONOW
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362
clare.boronow@usdoj.gov

ALLEN M. BRABENDER
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Appellate Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-5316
E-mail: allen.brabender@usdoj.gov

STEVEN W. BARNETT
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442

E-mail: steven.barnett@usdoj.gov

MATTHEW R. OAKES
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442
E-mail: matthew.oakes@usdoj.gov

GREGORY M. CUMMING
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel.: (202) 305-0457
gregory.cumming@usdoj.gov

*Counsel for Federal Defendants*

/s/ *Larissa Liebmann*
Larissa Liebmann
Cristina Stella
Daniel Waltz
ANIMAL LEGAL DEFENSE FUND
525 East Cotati Avenue
Cotati, California 94931
Phone: (707) 795-2533
Email: lliebmann@aldf.org
           cstella@aldf.org
           dwaltz@aldf.org

*Attorneys for Plaintiffs*