# Exhibit A

Declaration of Matthew Lee-Ashley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOWA CITIZENS FOR COMMUNITY IMPROVEMENT, ANIMAL LEGAL DEFENSE FUND, ASSOCIATION OF IRRITATED RESIDENTS, INSTITUTE FOR AGRICULTURE AND TRADE POLICY, WATERKEEPER ALLIANCE, INC., and WATERKEEPER CHESAPEAKE,<br><br>       Plaintiffs,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY and BRENDA MALLORY IN HER OFFICIAL CAPACITY AS CHAIR OF THE COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>       Defendants.[1] | Case No. 1:20-cv-2715-TJK |

**DECLARATION OF MATTHEW LEE-ASHLEY**

I, Matthew Lee-Ashley, declare as follows:

1. I serve as the Chief of Staff at the Council on Environmental Quality (CEQ). I was appointed to this position on April 11, 2021. Previously, I served as CEQ's Interim Chief of Staff, a position to which I was appointed on January 21, 2021.

2. I submit this declaration in support of Defendants' request for a stay in the June 17, 2021 joint status report in the above captioned case.

3. On July 16, 2020, CEQ under the Trump Administration issued the rulemaking entitled Update to the Regulations Implementing the Procedural Provisions of the National

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Brenda Mallory is automatically substituted for Mary Neumayr as Chair of the Council on Environmental Quality.

1

Environmental Policy Act, 85 Fed. Reg. 43,304 (July 16, 2020) (2020 Rule) to undertake whole-sale amendments to longstanding regulations implementing the National Environmental Policy Act (NEPA). As described below, the Biden Administration's CEQ has substantial concerns about the effects of the 2020 Rule on public health, the nation's land, water, and air quality, communities that have been historically marginalized and overburdened by pollution, the ability of citizens to have their voices heard in federal decision-making processes, and other issues, including the process by which the 2020 Rule was promulgated and the lawfulness of aspects of the 2020 Rule. CEQ is in the process of reconsidering the 2020 Rule and will take appropriate steps to engage stakeholders and the public in that process.

4. The CEQ's reconsideration of the 2020 Rule responds to direction from President Biden.

5. On January 20, 2021, President Biden signed Executive Order 13990 on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis (EO 13990) to declare the Administration's policy "to listen to the science; to improve public health and protect our environment; to ensure access to clean air and water; to limit exposure to dangerous chemicals and pesticides; to hold polluters accountable, including those who disproportionately harm communities of color and low-income communities; to reduce greenhouse gas emissions; to bolster resilience to the impacts of climate change; to restore and expand our national treasures and monuments; and to prioritize both environmental justice and the creation of the well-paying union jobs necessary to deliver on these goals." EO 13990 directs federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict

with these important national objectives, and to immediately commence work to confront the climate crisis." A White House fact sheet published on January 20, 2021 to accompany EO 13990 directs CEQ to review the 2020 Rule. EO 13990 further directs the Council on Environmental Quality to rescind its 2019 draft guidance "Draft National Environmental Policy Act Guidance on Consideration of Greenhouse Gas Emissions."

6. On January 27, 2021, President Biden signed Executive Order 14008 on Tackling the Climate Crisis at Home and Abroad (EO 14008) to declare the Administration's policy "that climate considerations shall be an essential element of United States foreign policy and national security," and to "move quickly to build resilience, both at home and abroad, against the impacts of climate change that are already manifest and will continue to intensify according to current trajectories."

7. On February 19, 2021, CEQ took its first formal step to implement EO 13900 and 14008 and revoked its "Draft National Environmental Policy Act Guidance on Consideration of Greenhouse Gas Emissions." 86 Fed. Reg. 10,252.

8. CEQ has commenced a comprehensive reconsideration of the 2020 Rule to evaluate its legal basis, policy orientation, and conformance with Administration priorities, including the Administration's commitment to addressing climate change and environmental justice. During this process, CEQ will consider the full array of questions and substantial concerns connected to the 2020 Rule. Some of the questions that CEQ will consider that are directly relevant to this litigation include:

    a. Whether the 2020 Rule may adversely affect environmental justice or impair participation by environmental justice communities in the NEPA process;

    b. Whether the 2020 Rule may adversely affect climate change, climate resilience, or environmental quality generally;

    c. Whether the 2020 Rule is consistent with administrative law principles or unduly restricts public and community participation, including participation by environmental justice communities and their members, or has the foreseeable effect of unduly restricting such participation;

    d. Whether the 2020 Rule improperly or unlawfully circumscribes the range of alternatives, long recognized by regulation and caselaw to be the heart of an Environmental Impact Statement, or has the foreseeable effect of leading agencies to consider an improperly narrow range of alternatives;

    e. Whether the 2020 Rule improperly or unlawfully circumscribes the environmental effects, including climate change effects, to be evaluated by federal agencies, or has the foreseeable effect of leading agencies to improperly circumscribe the environmental effects considered;

    f. Whether the 2020 Rule improperly or unlawfully excludes certain actions from the definition of "major federal action" for purposes of NEPA's applicability, or has the foreseeable effect of improperly excluding certain federal actions from review under NEPA.

9. CEQ is actively working to decide how to address the questions and concerns described in paragraph 8, including whether to propose to amend or repeal the 2020 Rule, in whole or in part.

10. CEQ is committed to ensuring that its regulations enable agencies to respond effectively to the climate crisis and the need to transition to a clean energy economy; identify and

elevate the pressing and critical considerations of environmental justice; provide the public, and particularly environmental justice communities, with full and fair opportunities to inform federal decision making; and provide for sustainable economic development and job creation, including by facilitating the development and restoration of critical infrastructure and climate resilient projects. CEQ is also committed to ensuring that its regulations conform to all legal requirements and are consistent with NEPA's purposes set forth by Congress.

11. CEQ will initiate rulemaking to propose amendments to the 2020 Rule to revise the NEPA implementing regulations to comply with the statute's text and goals; provide regulatory certainty to stakeholders; promote better decision making consistent with NEPA's statutory requirements; ensure appropriate coordination among Federal agencies, and State, Tribal, and local governments during the environmental review process; and meet environmental, climate change, and environmental justice objectives.

12. The Office of Management and Budget's Office of Information and Regulatory Affairs' Spring 2021 Unified Agenda of Regulatory Actions includes the following details regarding CEQ's planned regulatory actions:

    a. CEQ plans to extend the deadline by two years for Federal agencies to develop or revise proposed procedures for implementing the procedural provisions of NEPA and the 2020 Rule. (Regulatory Identification Number (RIN) 0331-AA08)

    b. CEQ is considering a phased rulemaking to identify necessary revisions in order to comply with the law; meet the environmental, climate change, and environmental justice objectives of EOs 13990 and 14008; ensure full and fair public involvement in the NEPA process; provide regulatory certainty to

stakeholders; and promote better decision making consistent with NEPA's statutory requirements. A phase 1 rulemaking would propose a narrow set of changes to the 2020 Rule to address these goals. (RIN 0331-AA05) A phase 2 rulemaking would propose broader changes to the 2020 Rule to address these goals. (RIN 0331-AA07)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of June, 2021.

MATTHEW LEE-ASHLEY
Digitally signed by MATTHEW LEE-ASHLEY
Date: 2021.06.15 15:10:17 -04'00'

Matthew Lee-Ashley

Chief of Staff

Council on Environmental Quality